IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KEITH D. CAGLE                                                         PLAINTIFF

vs.                                         Civil No. 2:15-cv-02082

CAROLYN W. COLVIN                                    DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Keith D. Cagle ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.**      **Background:**

Plaintiff filed his disability application on June 15, 2012. (Tr. 18). In his application, Plaintiff alleges being disabled due to sleep deprivation, back pain, social anxiety, hearing loss, and poor eyesight. (Tr. 230). Plaintiff alleges an onset date of January 1, 2011. (Tr. 18). This application was denied initially and again upon reconsideration. (Tr. 128-129).

Thereafter, Plaintiff requested an administrative hearing on his application. (Tr. 139). This hearing request was granted. (Tr. 37-127). Plaintiff's administrative hearing was held on September

1

27, 2013 in Fort Smith, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by counsel, Davis Duty. *Id.* Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") Zachariah R. Langley testified at this hearing. *Id.* During this hearing, Plaintiff testified he was fifty-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008). (Tr. 40). As for his education, Plaintiff testified had completed some college classes or "partial college." *Id.*

On November 14, 2013, the ALJ entered an unfavorable decision denying Plaintiff's DIB application. (Tr. 15-32). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 20, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2011, his alleged onset date. (Tr. 20, Finding 2). The ALJ found Plaintiff had the following severe impairments: disorders of the back, hearing disorder, affective disorder, anxiety disorder, personality disorder, organic mental disorder, and sleep apnea. (Tr. 20-21, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 21-23, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 23-30, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant cannot perform work requiring excellent hearing, but can hear well enough to avoid normal hazards in the workplace and hear and understand simple instructions; the claimant can perform simple, routine,

>    repetitive tasks, in a setting where interpersonal contact is incidental to the work
>    performed, and can work under supervision that is simple, direct, and concrete; the
>    claimant can have only occasional contact with the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of his PRW. (Tr. 30, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 30-31, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 37-127). Considering Plaintiff's age, education, RFC, and work experience, the VE testified a hypothetical person with those limitations retained the capacity to perform the following occupations: (1) silver wrapper with 1,071 such jobs in the region and 141,090 such jobs in the nation; (2) casings splitter with 349 such jobs in the region and 7,872 such jobs in the nation; and (3) worm picker with 150 such jobs in the region and 7,960 such jobs in the nation. (Tr. 31). Based upon this testimony and because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 1, 2011 through the date of the ALJ's decision or through November 14, 2013. (Tr. 31, Finding 11).

Thereafter, Plaintiff requested the Appeal Council's review of the ALJ's unfavorable decision. (Tr. 12-13). On February 23, 2015, the Appeals Council denied this request for review. (Tr. 1-3). On April 24, 2015, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

4

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff raises the following five arguments for reversal: (A) the Appeals Council failed to consider additional evidence he submitted with this request for review; (B) the ALJ erred by failing to consider all of his severe impairments; (C) the ALJ erred in finding his impairments do not meet the requirements of the Listings; (D) the ALJ erred in his RFC determination; and (E) the ALJ's Step Five determination is flawed because he is unable to perform the jobs the ALJ identified. ECF No. 10 at 1-19. The Court will address each of these arguments.

    A.    **Evidence Submitted to the Appeals Council**

Plaintiff claims the Appeals Council erred by failing to consider additional medical evidence. ECF No. 10 at 13-14. Plaintiff claims he properly submitted this additional evidence to the Appeals Council with his request for review, this information was critical to the outcome of his case, and the Appeals Council should have considered that evidence. *Id.* Defendant has responded to this argument and clams there is no basis for remanding this case. ECF No. 11 at 19-20.

For two reasons, the Court finds no basis for reversal on this issue. First, although it appears the Appeals Council did not include this additional medical evidence in the transcript, there is no

basis for finding the Appeals Council did not consider this evidence. In its denial, the Appeals Council stated the following:

> **What We Considered**
>
> In looking at your case, we considered the reasons you disagree with the decision.
>
> We considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of evidence of record.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(Tr. 1-3). This statement by the Appeals Council indicates it *did consider* this additional evidence. Thus, Plaintiff's claim that his case must be remanded to afford the Appeals Council the opportunity to consider this evidence appears to be without merit.

Second, even if the Appeals Council did not consider this additional evidence, Plaintiff must still meet the requirements for a remand. Pursuant to 42 U.S.C. § 405(g), a remand to consider new evidence requires a "showing that there is new evidence which is material" and there was "good cause for the failure to incorporate such evidence into the record in a prior proceeding." In this case, Plaintiff has not demonstrated how this is "new evidence which is material." According to the Eighth Circuit, to meet this standard, the evidence must be "non-cumulative, relevant, and probative of a claimant's condition for the time period for which benefits were denied, and there must be reasonable likelihood that it would have changed the [Commissioner's] determination." *Krogmeier v. Barnhart,* 294 F.3d 1019, 1025 (8th Cir. 2002) (internal quotations and citation omitted).

In the present action, Plaintiff simply has not demonstrated that the evidence he submitted to the Appeals Council qualifies as "new evidence which is material." Plaintiff submitted two pieces of evidence to the Appeals Council: (1) a psychological evaluation from clinical psychologist Dr. Robert L. Spray, Jr., Ph.D. and (2) a medical source statement from Dr. George H. Tompkins, D.O.

ECF Nos. 10-1 and 10-2.  The Court will consider both of these evaluations.

### i.     Dr. Robert Spray, Ph.D.

Plaintiff claims Dr. Spray's evaluation is probative because he "is the only source who assessed Plaintiff's work-related limitations." ECF No. 10 at 13. Upon review of Dr. Spray's report, the Court finds he did complete a four-page checklist form entitled "Medical Source Statement Secondary to Mental Impairments, Including Pain, Fatigue, and Hysterical Paralysis." ECF No. 10-1. With this report, however, Dr. Spray did not elaborate on his opinions regarding Plaintiff's work-related limitations. *Id.* Instead, he filled out the checklist and when asked to "identify the supporting factors, including diagnoses, medical signs, symptoms, laboratory findings, and other factors as established by your evaluation and test results," Dr. Spray provided generalized diagnoses including "severe anxiety" and "mood disorder." *Id.*  Thus, his opinions have very little probative value and would not be likely to have changed the Commissioner's determination.

Further, Dr. Spray's opinions are also cumulative.  Notably, Plaintiff was examined on September 18, 2012 by another clinical psychologist, Dr. Stephen P. Nichols, Ph.D., who evaluated Plaintiff and provided diagnoses regarding Plaintiff's mental health. (Tr. 320-322).  In his report, Dr. Nichols did address Plaintiff's "adaptive functioning" which would translate to his ability to adapt to a work environment. (Tr. 322).  Specifically, he found the following:

> The claimant is able to perform all activities of daily living without assistance, including driving an automobile.  He has the ability to communicate and interact in a socially adequate manner.  He has the ability to communicate in an intelligible manner.  His social skills are somewhere near the normal range.  His ability to cope with, concentrate on, and sustain persistence in completing tasks is diminished by his current depression.

(Tr. 322).  Thus, because Plaintiff has not established Dr. Spray's report is probative and is not cumulative, the Court finds this evidence is not "new evidence which is material," and no remand

7

is necessary.

     **ii.**  **Dr. George H. Tompkins, D.O.**

  Plaintiff claims Dr. Tompkin's evaluation is probative because he "is the only medical source to evaluation Plaintiff's limitations."[1]  ECF No. 10-1.  Upon review of the record, however, there is another medical source statement from Dr. Clifford Lamar Evans, M.D. dated September 6, 2012 that addresses Plaintiff's physical limitations. (Tr. 312-317).  Thus, the Court finds Plaintiff also has not met his burden of demonstrating the evidence from Dr. Tompkins is "new evidence which is material."

  **B.**  **Severe Impairments**

  Plaintiff claims the ALJ erred by finding his Raynaud's syndrome was not a severe impairment.  ECF No. 10 at 14.  Plaintiff claims his medical records demonstrate his Raynaud's syndrome qualifies as a severe impairment.  *Id.*  In her response, Defendant argues Plaintiff has not provided sufficient evidence to demonstrate his impairments are severe.  ECF No. 11 at 4-7.

  A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities.  *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988).  The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'"  *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

---

[1] Presumably, because Dr. Tompkin's completed a physical evaluation of Plaintiff, Plaintiff is only referring to Plaintiff's *physical* limitations.  *See* ECF No. 10-2.

8

In the present action, the only evidence Plaintiff has presented to establish this is a severe impairment from a one-time assessment of his Raynaud's syndrome. (Tr. 428-430). With this assessment, Plaintiff is noted as having "Raynauds Phenomenon," but there is no indication Plaintiff has any limitations in "basic work activity" due to this impairment. *Id.* Indeed, upon review, there is nothing in this record suggesting such limitations. Accordingly, the Court finds Plaintiff simply has not established he has a severe impairment due to Raynaud's syndrome. *See Kirby v. Astrue,* 500 F.3d 705, 707 (8th Cir. 2007) (recognizing "[i]t is the claimant's burden to establish that his impairment or combination of impairments are severe").

### C.    Evaluation of the Listings

Plaintiff claims the ALJ erred in finding that he did not meet the requirements of the Listings. ECF No. 10 at 14-15. In his appeal brief, Plaintiff included all of his physical impairments and then claimed that these impairments meet the requirements of the Listings. *See id.* Plaintiff, however, did not specify in his appeal brief which *specific* Listing or Listings he meets. There are over a dozen categories in the Listings that each contain a number of different disorders, and Plaintiff has not even indicated to this Court which of his category of impairments he meets.

Plaintiff has the burden of establishing that he meets the requirements of the Listings. *See Cox*, 160 F.3d at 1206. Since Plaintiff has not indicated to this Court which Listing or Listings he meets, Plaintiff has not met his burden, and this Court finds that Plaintiff has not established that he meets any of the Listings. *See id. See also Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" the plaintiff's contention that the ALJ failed to consider whether he met Listings 12.02 or 12.05C because the plaintiff provided "no analysis of the relevant law or facts regarding these listings").

9

### D. RFC Determination

Plaintiff claims the ALJ erred in evaluating his RFC. ECF No. 10 at 15-18. In making this claim, Plaintiff attacks both the ALJ's assessment of his medical records and the ALJ's assessment of his credibility. The Court will address these issues separately.

First, Plaintiff attacks the ALJ's evaluation of his medical records. ECF No. 10 at 15-18. In making this argument, however, Plaintiff primarily relies upon the opinions offered by Dr. Tompkins and Dr. Spray. *Id.* Since their opinions are not included in the record, they will not be considered here. Further, in his argument, Plaintiff makes broad generalizations regarding Plaintiff's limitations. For instance, he claims he is precluded "from standing and walking for most of the workday" due to his back pain and his Raynaud's syndrome "significantly affects the use of his hands." Plaintiff, however, references *no medical support* for those limitations.

Plaintiff also claims his fatigue, anxiety, ADD, personality disorder, and mood disorder cause him to be unable to work. ECF No. 10 at 16-17. In making this argument, Plaintiff cites to his medical records which note that he suffers from these impairments. *Id.* There, however, has been no demonstration that these impairments cause him to be able to work. Indeed, his general physical examination on September 6, 2012 did not indicate any disabling physical impairments. (Tr. 312-316). Further, as noted above, during his mental examination on September 18, 2012, which was performed by Dr. Nichols, Plaintiff was found to have no significant mental impairments. Dr. Nichols also noted that Plaintiff "gave some very unusual responses to the mental status questions, raising the issue of symptoms exaggeration." (Tr. 322). Such a statement certainly undercuts Plaintiff's alleged mental limitations as well as his credibility.

Second, Plaintiff claims the ALJ performed an improper *Polaski* evaluation. ECF No. 10 at

10

17-18. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski* in evaluating Plaintiff's credibility. (Tr. 23-30). Notably, the ALJ focused upon the fact Plaintiff appeared to be malingering during his interview with Dr. Nichols. (Tr. 29). The ALJ also noted the following: (1) Plaintiff received unemployment benefits which indicates he represented he could "immediately resume work if suitable employment was identified"; (2) Plaintiff provided inconsistent information on the issue of disability; and (3) Plaintiff was found by several doctors and nurses as being "attention seeking" and "very dramatic." (Tr. 28-30). Based upon this information, the Court finds the ALJ supplied "good reasons" for his credibility determination. Because these are "good reasons" for discounting Plaintiff's subjective complaints, the Court finds no basis for reversal on this issue. *See McDade v. Astrue,* 720 F.3d 994, 998 (8th Cir. 2013) (holding a credibility determination is entitled to deference if it is based upon "good reasons supported by substantial evidence").

### E.  Step Five Determination

Plaintiff claims the ALJ erred by finding he retained the capacity to perform other work existing in significant numbers in the national economy. ECF No. 10 at 18-19. In making this argument, Plaintiff is essentially re-stating his claim that the ALJ erred in assessing his RFC. *Id.* As noted above, the Court finds no basis for reversing the ALJ's RFC determination. Accordingly, the Court also finds this argument is without merit.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 17th day of December 2015.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE